Ronald Ryan
Attorney at Law
1413 E. Hedrick Drive
Tucson, Arizona 85719
(520)298-3333 fax: (520)743-1020
ronryanlaw@cox.net
AZ #018140 Pima County #65325

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA TUCSON

| | |
|---|---|
| In re: | Adversary No. 4:10-ap-02292-EWH |
| DAVID CONNELLY and ELIZABETH CONNELLY, | Case No. 09-33553-TUC-EWH |
| Debtors | **DEBTOR'S COMPLAINT TO AVOID DEFENDANT'S SECONDARY LIEN ON REAL ESTATE** |
| DAVID CONNELLY and ELIZABETH CONNELLY, Plaintiff | |
| vs. | |
| BANK OF AMERICA, N.A., Defendant | Chapter 13 |

COME NOW, David Connelly and Elizabeth Connelly, Debtor and Plaintiff, who file this Debtor's Complaint to Avoid Defendant's Secondary Lien on Real Estate, complaining against Bank of America, N.A. ("B of A"), Defendant. B of A is reputed to be the secondary lienholder according to the records of the Pima County Recorder. Plaintiff presents unto the Court as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and B.R. 7001, et seq. Pursuant to B.R. 3007(b), an Objection to Claim may be filed as an Adversary Proceeding. Venue is appropriate in this district pursuant to 28 U.S.C. §1408 and 1409. This matter is a core proceeding.

2. According to official published records of the Arizona Corporation Commission ("ACC"), B of A is a nationally chartered banking association, with a domicile of North Carolina, whose Arizona Statutory Agent is C T Corporation System 2394 E

Camelback Rd Phoenix, AZ 85016, according to official records published by the ACC.

3. Plaintiff is the owner of a piece of property, hereinabove and below called, "Debtor's Residence", or the "Property," which Debtors have claimed as their exempt real property homestead, as follows:

> LOT 104, OF FINAL PLAT OF GLADDEN FARMS BLOCK 12, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 57 OF MAPS, PAGE 76, AND AS MORE COMMONLY KNOWN AS 1085 W DENIER DR MARANA AZ 85653

4. Debtor has had the property professionally appraised. The Appraisal Report provided a value of $210,000.00, the first page of which is attached hereto as Exhibit A. The entire Report is available to any party upon request.

5. The party claiming to own the Primary Mortgage Note, or claiming to be the Servicer or other party with actual authority from the owner of said note to enforce the Note, is BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. ("BAC"), according to statements sent to Plaintiff, and according to records of MERS published to the public. The amount claimed to be owed on the primary mortgage is $296,154.00, pursuant to statements received and reports of the major credit reporting agencies. The Deed of Trust upon which said Primary Lien is claimed to be based by BAC was recorded at docket 12521, page 9100, on 3/31/2005, with the Pima County Recorder. This purported claim is referred to as the "Primary Lien." A copy of this Primary Lien Deed of Trust is available to any party upon request.

6. The amount claimed to be owed by Plaintiffs to B of A purportedly secured by the Secondary Deed of Trust is $84,099.00, according to statements received and reports of the major credit reporting agencies. This purported Secondary Deed of Trust was recorded at docket 12740, page 3785, on 2/13/2006. This purported lien is referred to as the "Secondary

Lien." A copy of the Secondary Deed of Trust is attached to the Citimortgage and is available to any party upon request.

7. The value of Debtor's Residence is less than the amount owed on the Primary Lien. Based on the definition of "allowed secured claim" derived from 11 U.S.C. §506(a) and (d); and pursuant to the modification provisions allowed under 11 U.S.C. §1322(b)(2), Plaintiffs ask for Judgment extinguishing the Secondary Lien on their property. The value of Debtor's Residence after deducting the amount owed on the Primary Lien does not leave any value to provide the Secondary Lien any interest at all in the Property. Therefore, there is nothing upon which a security interest can attach in favor of the Secondary Lien, and it is therefore unsecured.

8. Debtor asks that the Secondary Lien be avoided. Debtor asks that an Order be entered that the Secondary Lien Proof of Claim is unsecured.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S POSITIONS**

Issue: Can a Chapter 13 Debtor extinguish a purported lien on Debtor's Residence and obtain a ruling that the lienholder has no "allowed secured claim" under 11 U.S.C. § 506 (a), despite the antimodification provisions of § 1322(b)(2)?

At least six Circuit Courts have addressed the issue and all have adopted the view that the holder of a purported junior lien on a Debtor's residence is wholly unsecured mortgage on a debtor's principal residence is not entitled to the protection of § 1322(b)(2), when the value of that residence is less than, or equal to, the amount owed on superior liens. *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F.3d 663, 667-69 (6th Cir. 2002); *Pond v. Farm Specialist Realty* (In re Pond), 252 F.3d 122, 126 (2d Cir. 2001); *Tanner v. FirstPlus Fin., Inc.* (In re Tanner), 217 F.3d 1357, 1359-60 (11th Cir. 2000) *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Ass'n* (In re Bartee), 212 F.3d 277,

Case 4:10-ap-02292-EWH    Doc 1    Filed 12/21/10    Entered 12/21/10 00:48:40    Desc
Main Document      Page 3 of 4

2000 WL 621400 (5th Cir. 2000). Other Courts and opinions that are in accord with this majority view include: *In re Lam*, 211 B.R. 36 (B.A.P. 9th Cir. 1997). *Western Interstate Bancorp v. Edwards* (In re Edwards), 245 B.R. 917, 921 (Bankr. S.D. Ga. 2000); *In re McCarron*, 242 B.R. at 483  *Scheuer v. Marine Midland Bank* (In re Scheuer), 213 B.R. 415, 418 (Bankr. N.D.N.Y. 1997);  *In re Geyer*, 203 B.R. 726, 729 (Bankr. S.D. Cal. 1996); *In re Lee*, 161 B.R. 271, 273 (Bankr. W.D. Okla. 1993);  *In re Hornes*, 160 B.R. 709, 714 (Bankr. D. Conn. 1993).

WHEREFORE, PREMISES considered, David Connelly and Elizabeth Connelly, Debtor and Plaintiff, pray that this Court enter Judgment avoiding the Secondary Lien on Debtor's Residence, and deeming that the Secondary Lien Proof of Claim is unsecured. Debtors request all other general and specific relief to which they may show themselves entitled under the facts as plead or proven in Court.

Respectfully submitted,
/s/ Ronald Ryan
Ronald Ryan, Attorney for Debtors